**Robert E. COLLINS, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1312.**

United States Court of Veterans Appeals.

Submitted Aug. 29, 1991.

Decided Feb. 21, 1992.

Robert E. Collins, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and John D. McNamee, Washington, D.C., were on the pleadings, for appellee.

Before FARLEY, MANKIN and HOLDAWAY, Associate Judges.

MANKIN, Associate Judge:

Robert E. Collins appeals a July 16, 1990, decision of the Board of Veterans' Appeals (BVA or Board), which denied him an increased disability rating for bronchiectasis with left lower lobectomy, currently rated as 30% disabling. The Court has jurisdiction of the case pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)). Because the Court finds no error in the Board's decision, the Secretary's motion for summary affirmance will be granted and the decision will be affirmed.

## I. FACTUAL BACKGROUND

Robert E. Collins served in the U.S. Army from January 6, 1955, to December 19, 1956. R. at 6. On November 6, 1961, the Veterans' Administration (now Department of Veterans Affairs) (VA) granted the veteran service connection for bronchiectasis (a chronic inflammatory or degenerative condition of one or more bronchi or bronchioles) with left lower lobectomy (surgical removal of a lobe of the lung) from August 18, 1961, the date he made the claim. R. at 7. In August 1988, the veteran requested an increased disability rating for his lung condition using recent records of treatment by Dr. Wayne E. Young in support of his claim. R. at 8. On September 26, 1988, he also requested a physical examination by the VA. R. at 12. On October 10, 1988, a brief physical examination was performed, where the veteran's temperature, blood

pressure, and pulse were taken, and the physician noted "harsh quality lung sounds" and "expiration mildly prolonged when compared to inspiration ..." R. at 14–15. The physician referred the veteran for a pulmonary function test (PFT), but this apparently was never performed by the VA. R. at 16. The rating decision of February 21, 1989, confirmed that the "service-connected lung condition remains 30% disabling." R. at 17–18. The veteran filed a Notice of Disagreement on March 30, 1989. R. at 19.

On May 22, 1989, Dr. Young, the veteran's treating physician, sent reports, dated July 1988, of the chest X rays and pulmonary function test to the VA. R. at 25–29. The pulmonary function interpretation report showed several readings outside the normal range. R. at 26–27. The report concluded, however, that "There is a minimal obstructive lung defect. Lung volumes are within normal limits. Diffusion is within normal limits.... This is interpreted as a mild response." R. at 28. The radiology report noted that "The findings are consistent with some chronic lung disease, strictly at the left base." R. at 29. Again on June 22, 1989, the rating board confirmed the previous 30% disability rating. R. at 35. The veteran filed his substantive appeal to the BVA on July 18, 1989. R. at 40. On July 16, 1990, the BVA concluded that "[t]he schedular requirements have not been met for more than a 30 percent disability rating for bronchiectasis with left lower lobectomy." *Robert E. Collins*, BVA 90–23712, at 4 (July 16, 1990). From this BVA decision the veteran appeals to this Court.

## II.  ANALYSIS

Since 1961, the veteran has been receiving compensation for service-connected bronchiectasis rated as 30% disabling. The applicable diagnostic code (DC) in the schedule of ratings for the respiratory system, 38 C.F.R. § 4.97, DC 6601 (1991), distinguishes between a 60% and a 30% disability rating as follows:

Severe;  with considerable emphysema, impairment in general health manifested by loss of weight, anemia, or occasional pulmonary hemorrhages;  occasional exacerbations of a few days duration, with fever, etc., are to be expected;  demonstrated by lipiodol injection and layer sputum test ................................. 60

Moderate;  persistent paroxysmal cough at intervals throughout the day, abundant purulent and fetid expectoration, slight, if any, emphysema or loss of weight... 30

---

Through an examination of the criteria listed in 38 CFR § 4.97, DC 6601, it does not appear that the veteran has the symptoms required for a 60% disability rating. The medical evidence available in the record does not reveal any of the "severe" symptoms. The veteran's only complaints are that he has frequent breathing problems and asserts that his condition worsened to the point that he took an early retirement. The breathing problems are evidence in support of a 30% rating, but there is no evidence, other than the veteran's own testimony, to support the veteran's contention that his lung condition caused him to retire early.

Under 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)), "in order for a finding of material fact made by the BVA to be set aside, this Court must conclude that the finding is 'clearly erroneous'." *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990). Under this rule, the "Court is not permitted to substitute its judgment for that of the BVA on issues of material fact;  if there is a 'plausible' basis in the record for the factual determinations of the BVA, ... we cannot overturn them." *Id.* at 53. Accordingly, the BVA correctly determined that

In spite of the veteran's complaints, neither abundant expectoration, weight loss, nor pulmonary hemorrhages were reported. Pulmonary functions testing showed a minimal obstructive lung defect with normal lung volumes and normal diffusing capacity. These findings are adequately compensated by the 30 percent evaluation now in effect.

*Collins,* BVA 90–23712, at 4. Dr. Young's reports, relied upon heavily by the veteran, do not support an increased disability rating of 60%.

It should be noted that while the initial VA examination conducted in October 1988 failed to perform a pulmonary function test and may have been insufficient to support a substantive medical conclusion alone, the medical tests and reports of Dr. Young read together with the VA medical examination did provide a plausible basis for the BVA's factual conclusions. *See Gilbert,* 1 Vet.App. at 53.

### III.   CONCLUSION

After consideration of the supporting memoranda and review of the record, it is the holding of the Court that appellant has not demonstrated that the BVA committed either legal or factual error which would warrant reversal or remand. The Court is also satisfied that the BVA decision satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b)). *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990).

The Secretary's Motion is GRANTED and the decision of the BVA is summarily AFFIRMED.